C. H. ALDRICH ET AL. v. WARREN LEWIS.

PARTNERSHIP.    Preliminary contract.    Contemporaneous contract.    Chancery
    jurisdiction.    Case in judgment.
L. filed a bill alleging, substantially, that he built on the land of the defendant,
    A., a grist and flouring mill, under an agreement that each party should
    contribute one-half of the amount requisite for its erection and equipment,
    and that when completed it should be operated in copartnership for nine
    years, the net profits to be equally divided as they accrued, and at the expira-
    tion of the time named, the defendant to repay complainant the sum
    originally advanced by him, with interest at a stipulated rate; that complain-
    ant was to give his personal attention to the business, and the defendant was
    to furnish one skilled operative to assist him.    The bill further states that the
    partnership has expired by limitation; that during its existence the net
    profits were regularly and equally divided as they accrued; but that defend-
    ant, having failed during a portion of the time to furnish the assistant prom-
    ised, had, by agreement, paid complainant fifty dollars per month in lieu of
    the assistant, except the sum of $47, which was still due on that account.
    The purpose of the bill was to collect this $47, and, also, the sum of $3,500,
    the amount contributed by L. as his half of the expense of the erection and
    equipment of the mill, and interest thereon; and it sought an account as
    between partners, and prayed for the establishment of a lien on the land for
    the amount found to be due, and for the sale of the property to satisfy the
    decree to be rendered.    The bill was demurred to on the ground that the
    complainant has a complete and adequate remedy at law; and the demurrer
    was sustained    Held, that there is no element of partnership involved in the
    matters complained of, and the demurrer was properly sustained.

APPEAL from the Chancery Court of Benton County.

Hon. A. B. FLY, Chancellor.

The opinion of the court contains a sufficient statement of
the case.

B. T. Kimbrough and R. S. Stith, for the appellants.

1. The bill in this case, and the argument of counsel upon
it, are singularly inconsistent.    It is argued as if the bill called
for a settlement of partnership accounts, whereas the bill ex-
pressly alleges, that " so far as the profits arising from said
mill are concerned, each party appropriated the portion be-
longing to them respectively as they were realized," and that
complainant " prefers no claim on that account."    And yet it
will appear by examination of the bill, that the whole scope

of the partnership was in the running of the mill after it was built, equipped, and put in running order. It is true the mill was to be built, equipped with the necessary machinery, and put in good running order, all on the land of the Davis Mills Manufacturing Company, one of the partners, complainant, paying one-half the expenses, which the company agrees, by the terms of the contract as set out in the bill, to refund to him with interest. In other words, the company employ him to build and equip a mill upon their own land, and put the same in running order, he advancing for them one-half the cost, to be repaid with interest; and they further agree with him that, after the mill is built, he and they will run it in copartnership for a specified period, he giving it his personal attention, and they furnishing one good hand to assist him, the profits to be equally divided. This he says has been done, and he prefers no claim on that account. But he says that the building of the mill, and improvements connected therewith, cost $5,000, and the machinery, $2,000, making in all $7,000; and that of this amount, he paid $3,500, or one-half. There was a distinct agreement by one of the contracting parties to pay to the other the money advanced by him for the other's benefit, and why may he not sue on it? And even if the stipulation be contained in articles of partnership, what difference does it make? Cannot the injured party sue for the breach? It is not a partnership liability, but is a separate liability of one partner to the other. It seems, then, that the remedy at law upon this branch of the case is clear and unquestionable. See the following authorities: Pars. on Part. (3d ed.), marg. p. 270–277; Gow. on Part., marg. p. 71 to 76; *Finley* v. *Stewart*, 56 Pa. St. 183, 191; *Sturges* v. *Swift*, 3 Geo. 239, 240 – 241; *Anderson* v. *Robertson*, 3 Geo. 241; *Morgan* v. *Nunes*, 54 Miss. 308.

2. The only other claim set up in the bill is for a balance of $47, under the contract of April, 1878. By the original agreement as set out in the bill, the said company were to furnish one good hand to assist complainant in the running

and management of the mill.   It is alleged that they furnished said hand until April, 1878, when, as the bill alleges, said company in lieu of the said hand, agreed to pay complainant $50 per month.   They agreed to pay him $50 per month to do their part of the work, instead of furnishing a hand to do it.   Mark, this $50 was not to be paid by the firm, or out of firm assets; but by defendants (the said company) to complainant.   At the end of each month, he could have sued the company for this promised compensation for a special service, if they failed to pay, and have recovered.   It was not contingent upon profits or losses.   It was not to be paid out of partnership funds, but was an individual liability of said company to complainant.   He could not be required to await a settlement of partnership accounts, before recovering for services thus rendered.   His remedy at law was plain and unembarrassed.   See authorites above cited.   *Smith* v. *Banow*, 2 Term Rep. 476 ; Pars. on Part. (3d ed.), marg. p. 276, 277.

*Featherston & Harris*, for the appellee.

The facts alleged in the bill and admitted by the demurrer, show a partnership between the appellants and the appellee, which had never been wound up or settled, but had been dissolved by the lapse of the time fixed for its existence.   No action at law could be brought by Lewis against the appellants,— by one partner against his copartners,— for money arising out of, and connected with, the above contract until the accounts had been settled between them.   A partner's interest in the partnership effects is not his aliquot part thereof, or of any portion of them, but is his proper share in the balance or surplus, remaining after the payment of the partnership debts, and after a settlement of the accounts between the partners. *Ivy* v. *Walker*, 58 Miss. 259 ; *Murdock* v. *Martin*, 12 Smed. & M. 660 ; *Hunt* v. *Morris*, 44 Miss. 314 ; *Stigall* v. *Comey et al.*, 49 Miss. 761 ; Pars. on Part. 282.   A suit at law would be a novel proceeding, when brought by one partner against his copartner, to settle the accounts between the partners, as in this case.   Such a suit would be enjoined by the creditors

of the firm, who are as much interested in the effects of the firm as the partners are, and who have a prior equitable lien on them for the satisfaction of their claims. The account to be settled between them, embracing the items arising out of the building of the mill, furnishing it with machinery, and running it for nine years, would necessarily be long and com-plicated, and such as a court of law could not settle. A bill will be entertained by a court of equity, whenever the remedy is more complete and adequate in that court than it would be in a court of law, or when the jurisdiction is concurrent. Story's Eq. Jur., sects. 442, 443, 450, 451, 452, 453, 457.

A bill in chancery is the proper remedy, when matters of account are to be adjusted between partners. Story's Eq. Jur., sects. 466 and 671.

CHALMERS, J., delivered the opinion of the court.

The allegations of the bill are that the complainant built on the land of the defendants a grist and flouring mill, under an agreement that each party should contribute one-half of the amount requisite for its erection and equipment with necessary machinery, and that when completed it should be operated in copartnership for nine years; the net profits to be equally divided as they accrued, and at the expiration of the time the defendants to repay to complainant the sum originally advanced by him, with interest at the rate of seven per cent per annum. Complainant was to give his personal attention to carrying on the business, and defendants were to furnish one skilled operative to assist him. Under this agree-ment the mill was built and equipped at a total cost of seven thousand dollars, one-half of which was, as agreed, advanced by each party. The nine years have now elapsed and the partnership has expired by limitation. During its existence the net profits were regularly and equally divided as they ac-crued, and it is expressly stated that no demand is preferred as to them. Defendants failed during a portion of the time to furnish the assistant, but by agreement paid complainant

fifty dollars per month in lieu of the assistant.   There remains
due him on this contract the sum of forty-seven dollars.   The
bill is filed to collect this amount and also the sum of thirty-
five hundred dollars, being the amount contributed by com-
plainant in the erection and equipment of the mill, with seven
per cent interest thereon.   It seeks an account as between
partners, and prays for the establishment of a lien on the
real estate for the decree to be rendered, and for the sale of
the property for its satisfaction.

The demurrer is to the jurisdiction of a court of equity, on
the ground that complainant has a plain, adequate, and com-
plete remedy at law.   It was well taken, and should have been
sustained.   The only partnership alleged was as to operating
the mill, and any demand as to that is disclaimed.

The agreement as set out did not make the parties partners
in the mill property.   The sum advanced by complainant
towards its erection was one of the inducements to the for-
mation of the partnership, and led up to it, but was not
embraced in it.   It was distinctly made an outside debt by
agreement.   It might, perhaps, have been taken into any part-
nership accounting that became necessary between them ; but
all partnership matters have been settled.   It was at most the
contribution of one partner to the capital stock of the enter-
prise, and if placed upon that, the most favorable ground pos-
sible for complainant, should, after a settlement of the profits
and losses of the business, have been made the subject of an
action at law.   There is no allegation that there were any
partnership debts.

As to the mill and machinery there was no community of
ownership, but it was agreed that they should remain the sole
property of the defendants, and that the complainant should
become their creditor for the amount contributed in their
erection.   So also as to the amount due by reason of the
failure of the defendants to furnish the assistant.   By agree-
ment the sum due for this was fixed and ascertained so as to
preclude the necessity of an account, and make the one a mere

ordinary debtor of the other. *Morgan* v. *Nunes*, 54 Miss. 308 ; Pars. on Part. 270 to 277.

There is no element of partnership in the matters involved, wherefore the decree is reversed, the demurrer sustained, and the bill dismissed.